CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH SHANNON SMITH, | ) |
|     Plaintiff, | ) |
| | ) Case No. 7:24-cv-00737 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| UNKNOWN SIX MEMBERS OF THE | ) Senior United States District Judge |
| VIRGINIA PAROLE BOARD, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Joseph Shannon Smith, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against unknown members of the Virginia Parole Board (Parole Board), the Director of the Virginia Department of Corrections (VDOC), and Wallens Ridge State Prison. By memorandum opinion and order entered January 3, 2025, the court dismissed the case without prejudice for failure to submit the financial information necessary to proceed without prepayment of the filing fee. ECF Nos. 8, 9. Smith has since filed a motion to reopen the case, along with a trust account report. ECF No. 10. The court will grant the motion to reopen for the limited purpose of reviewing the complaint pursuant to 28 U.S.C. § 1915A(a). For the following reasons, the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

### I.     Background

According to the complaint, Smith is currently serving a total term of imprisonment of 63 years after being convicted of second-degree murder and other offenses in Virginia state court. Compl., ECF No. 1, at 6. On September 17, 2024, Smith received a parole hearing at Wallens Ridge State Prison, where he is presently incarcerated. Id. at 8. Smith alleges that the

hearing was conducted "via Tel-Justice" and that "no member of the Virginia Parole Board was present." Id. at 10. Instead, "only the Virginia Parole Board interviewer" was present for the hearing. Id. Smith alleges that he informed the interviewer that he had been assaulted while incarcerated and that he had filed complaints under the Prison Rape Elimination Act (PREA). Id. at 8. Smith asserts that the Parole Board "should have checked into the PREA complaints." Id.

According to publicly available information, the Parole Board denied parole on October 22, 2024. See Parole Decisions for October 2024, available at https://vpb.virginia.gov/media/1015/vpb-decisions-oct24.pdf (last accessed Apr. 25, 2025). The Parole Board determined that Smith "should serve more of [his] sentence before being paroled" based on the "[s]erious nature and circumstances" of his criminal offenses. Id.

Smith claims that the failure to have a Parole Board member present for his parole hearing "violated state law" and his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Id. at 2, 10. In his request for relief, Smith states that he is "seeking relief through a parole hearing in accordance with state law, granting of parole if possible[,] and damages of $200,000.00." Id. at 11.

## II.   Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain

2

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016).

### III. Discussion

**A.   The complaint fails to state a claim under § 1983.**

Smith commenced this action by filing a form complaint under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

First, neither a state nor a state agency is a "person" subject to suit under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that correctional facilities in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Therefore, Wallens Ridge State Prison is not a proper defendant in a § 1983 action. The same is true for the Commonwealth of Virginia and the VDOC, to the extent the case caption can be construed to name them as defendants.

Second, the complaint provides no indication as to how Chadwick Dotson, the Director of the VDOC, was personally involved in the events giving rise to this action. Although it lists Dotson in the case caption, it fails to explain how Dotson is responsible for any alleged violation of Smith's federal constitutional rights. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Third, the complaint fails to state a plausible claim for violation of Smith's right to due process under the Fourteenth Amendment.* "It is well-established in the context of parole

---

* The court notes that the Fifth Amendment, on which Smith also relies, "applies only to the federal government or federal actions." Barnes v. City of Omaha, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009) (citing Dusenbery v. United States, 534 U.S. 161, 167 (2002)). Consequently, Smith has no viable claim for relief under § 1983 for alleged violations of the Fifth Amendment.

that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (quoting Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). Because the decision whether to grant parole is discretionary under Virginia law, a Virginia inmate does not have a protected interest in parole release. Burnette, 687 F.3d at 181. Instead, Virginia law only "gives rise to a limited interest in consideration for parole." Id. To protect this limited interest, "procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986). It does not require an in-person hearing before a member of the Parole Board. See Burnette, 687 F.3d at 182 ("We have declined to hold that, as a constitutional matter, each prisoner must receive a personal hearing, have access to his files, or be entitled to call witnesses in his behalf to appear before the [Parole] Board."). Thus, while Smith may be dissatisfied with the process provided or the outcome of the parole review, his complaint fails to state a cognizable claim for denial of due process.

The complaint also fails to state a violation of the Eighth Amendment or the Equal Protection Clause of the Fourteenth Amendment. Smith's bare and conclusory references to these provisions, without more, are insufficient to state a plausible claim for relief. See Iqbal, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alterations omitted).

5

**B.     The complaint does not plausibly allege a violation of state law.**

Smith asserts that the Parole Board "violated state law" by "conducting a parole hearing via Tel-Justice and [an] interviewer without a member of the . . . Parole Board." Compl. at 2. However, the state statute applicable to parole reviews does not require a Parole Board member to be present for a parole review. See Va. Code Ann. § 53.1-154. Instead, it specifically provides that "[s]uch reviews shall include a live interview of the prisoner by a Board member or a staff member designated by the Board." Id. (emphasis added). The statute also permits interviews to be conducted "by videoconference or telephone at the discretion of the Board." Id. Thus, the complaint does not state a plausible violation of state law.

## IV.     Conclusion

For the foregoing reasons, the court will grant Smith's motion to reopen the case, ECF No. 10, for purposes of reviewing the complaint under 28 U.S.C. § 1915A(a). Because the complaint fails to state a claim upon which relief may be granted, it will be dismissed without prejudice pursuant to § 1915A(b)(1). An appropriate order will be entered.

Entered: April 28, 2025

Michael F. Urbanski
U.S. District Judge
2025.04.28
17:25:12 -04'00'

Michael F. Urbanski
Senior United States District Judge

6